**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **LUIS JAIME BERMEO-LEMA,** | **Case No. 26–cv–08450–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION AND ORDER** |
| **TODD BLANCHE, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Luis Jaime Bermeo-Lema's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1.     Petitioner is a citizen of Ecuador and entered the United States at an unknown place and time.   (*Id.* p. 1.)

2.     On July 7, 2026, Immigration and Customs Enforcement (ICE) took petitioner into custody and detained petitioner without a bond hearing.   (*Id.* pp. 1, 2.)

3.     This Petition followed.   (ECF No. 1.)

4.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.     Respondents filed an answer on July 16, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been lawfully admitted.   As such, he is an 'applicant for admission' who is not entitled to a bond hearing."   (ECF No. 5 p. 2.)

6.    Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that the Court has already rejected in *Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, D.N.J. Oct. 30, 2025) and other cases.    (*Id.* p. 1 & n.1.)

7.    I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226(a).[1]    *See Ayala Amaya*, 2025 WL 3033880, at *2–3.

8.    I further note that federal courts have similarly rejected respondents' position in near unanimity in hundreds of cases to date.    *See, e.g., Barbosa da Cunha v. Freden*, 175 F.4th 61, 84–88 (2d Cir. 2026); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25–cv–05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.    Those decisions are plainly correct."); *but see Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

Accordingly,

**IT IS** on this    **17th** day of **July 2026**    **ORDERED** that:

1.    Petitioner's § 2241 Petition is **GRANTED**.    Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of

---

[1] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.    *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[2] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 170 F.4th at 1138–40 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.    Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.    Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.    Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to him.

5.    Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6.    Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7.    To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8.    The Clerk shall **CLOSE** this case.

　　　　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

3